UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHAD EDINBORO,

Plaintiff,

v.

ADMINISTRATIVE DIRECTOR, *et al.*,

Defendants.

Case No. 3:26-cv-00112-ART-CSD

**ORDER**

On February 13, 2026, pro se plaintiff Chad Edinboro, an inmate who is currently confined at the George R. Vierno Center of Rikers Island in New York City, submitted a civil rights complaint under 42 U.S.C. § 1983 based on alleged events that occurred at his former place of confinement, Lake's Crossing Center in Sparks, Nevada. (ECF No. 1-1 at 1.) Plaintiff also applied to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) Plaintiff's IFP application is incomplete because it is not on the proper form and is not accompanied by a financial certificate or an inmate trust fund account statement for the previous six-month period. The Court will deny Plaintiff's application without prejudice and give Plaintiff an opportunity to correct these deficiencies **by April 20, 2026.**

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for IFP status, the inmate must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–

(2); LSR 1-2. IFP status does not relieve inmates of their obligation to pay the filing fee, it just means that an inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

It is therefore ordered that Plaintiff's incomplete IFP application (ECF No. 1) is **DENIED** without prejudice.

It is further ordered that, no later than **April 20, 2026**, Plaintiff must either pay the full $405 filing fee or file a new fully complete IFP application with all three required documents: (1) a completed application with the inmate's two signatures on page 3; (2) a completed financial certificate that is signed both by the inmate and a prison or jail official; and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a <u>new</u> case number, when Plaintiff can file a complete IFP application or pay the required filing fee.

The Clerk of Court is kindly directed to send Plaintiff Chad Edinboro the approved IFP application for an inmate and instructions for the same, and to retain the complaint (ECF No. 1-1) but not file it at this time.

DATED: February 18, 2026.

_____
UNITED STATES MAGISTRATE JUDGE